UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————

**JOHN P. WAGNER,**

             Plaintiff,

      v.                                           5:06-CV-420
                                                    (NAM/GJD)

**NEW YORK MARRIOTT MARQUIS,
MARRIOTT INTERNATIONAL, INC.,
TIMES SQUARE HMC HOTEL, L.P.;
and HOST MARRIOT CORPORATION,**

             Defendants.
———————————————————————

**APPEARANCES:**                            **OF COUNSEL:**

SASSANI & SCHENCK, P.C.             KATHLEEN C. SASSANI, ESQ.
Allegiance House
7767 Oswego Road
Liverpool, New York 13090
*Attorneys for Plaintiff*

GARBANI & SCHER, P.C.               WILLIAM G. SCHER, ESQ.
432 Park Avenue South, 9th Floor
New York, New York 10016-8013
*Attorneys for Defendants*

**Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM - DECISION AND ORDER**

**I.     INTRODUCTION**

       Currently pending before the Court is a motion for a change of venue brought by defendants,

New York Marriott Marquis (the "Marquis"), Marriott International, Inc., Times Square HMC Hotel,

L.P., and Host Marriott Corporation.  Defendants seek an order pursuant to 28 U.S.C. § 1404(a)

transferring this action from the United States District Court for the Northern District of New York

("Northern District") to the United States District Court for the Southern District of New York

("Southern District"). *See* Dkt. No. 5, Notice of Mot., Scher Aff. at ¶ 1. Plaintiff, John P. Wagner, has filed his opposition to defendants' motion. *See* Dkt. No. 7. For the reasons that follow below, the Court GRANTS defendants' motion to transfer venue to the Southern District.

## II.    PROCEDURAL HISTORY

On December 8, 2005, plaintiff, a sixty-eight year old retired Roman Catholic Priest, was a guest at the Marquis located at 1535 Broadway, New York, New York. *See* Dkt. No. 7, Sassani Aff. at ¶¶ 3, 5; Dkt. No. 1, Ex. 1 Compl. at ¶ 2. Plaintiff alleges that when he attempted to enter an in-house café/lounge on the eighth floor of the Marquis, defendants' negligence, carelessness, and recklessness caused him to slip on a coffee spill and fall to the ground. *See* Dkt. No. 1, Ex. 1, Compl. at ¶¶ 10-11; Dkt. No. 7, Sassani Aff. at ¶¶ 5 and 11. As a result of the slip and fall, plaintiff shattered his right elbow. *See* Dkt. No 1, Ex. 1, Compl. at ¶ 14; Dkt. No. 7, Sassani Aff. at ¶¶ 7-9. Emergency medical personnel transported plaintiff by ambulance to Lenox Hill Hospital in New York City where he underwent surgery. Dkt. No. 7, Sassani Aff. at ¶ 7.

Plaintiff commenced this action in the Supreme Court of New York for the County of Onondaga, with the filing of a summons and complaint, and defendants removed it to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).[1] Dkt. No. 1. Shortly thereafter, defendants filed their answer and the instant motion. *See* Dkt. No. 4 and Dkt. No. 5.

## III.    DISCUSSION

The adjudication of a motion for a change of venue is "within the discretionary authority of the district courts," *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990),

---

[1]Plaintiff is a resident of the County of Onondaga, State of New York while Defendants are incorporated in the State of Delaware with their principal place of business in the State of Maryland. *See* Dkt. No. 1, Notice of Removal at ¶ 3(a) and (b). Plaintiff does not dispute that the amount in controversy exceeds $75,000 exclusive of interests and costs.

"according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). The operative statute in a motion for a change of venue is 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, the Court must make two inquiries: (1) whether the action the movant seeks to transfer is one that "might have been brought" in the district court which stands to inherit the case; and (2) "whether, considering the convenience of parties and witnesses and the interest of justice, a transfer is appropriate." *Oriska Ins. Co. v. Brown & Brown of Texas, Inc.*, 2005 WL 894912, at *4 (N.D.N.Y. April 8, 2005) (internal quotations and citation omitted). As to the first query, 28 U.S.C. § 1391(a)(1) and (2) make clear that plaintiff could have originally brought his action in the Southern District, and plaintiff does not argue otherwise. Thus, only the second inquiry requires the Court's examination.

In determining whether transfer is warranted "for the convenience of the parties and witnesses [and] in the interest of justice" under § 1404(a), courts generally consider several factors, including:

> [(1)] the convenience of witnesses, [(2)] the location of relevant documents and the relative ease of access to sources of proof, [(3)] the convenience of the parties, [(4)] the locus of operative facts, [(5)] the availability of process to compel the attendance of unwilling witnesses, [(6)] the relative means of the parties, [(7)] the forum's familiarity with the governing law, [(8)] the weight accorded the plaintiff's choice of forum, and [(9)] trial efficiency and the interest of justice, based on the totality of the circumstances.

*Wilshire Credit Corp. v. Barrett Capital Mgmt. Corp.*, 976 F.Supp. 174, 181 (W.D.N.Y. 1997) (citations omitted). "The moving party has the burden to establish a clear and convincing showing that a transfer is appropriate and that the motion should be granted." *Matera v. Native Eyewear, Inc.*, 355 F.Supp.2d 680, 687 (E.D.N.Y. 2005) (citing *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir.

1950)).  While a plaintiff's choice of forum is generally entitled to considerable weight, *see Iragorri v. United Techs, Corp.*, 274 F.3d 65, 71 (2d Cir. 2001), the convenience of both party and non-party "witnesses is probably the single-most important factor in the analysis of whether transfer should be granted." *Berman v. Informix Corp.*, 30 F.Supp.2d 653, 657 (S.D.N.Y. 1998) (citations omitted). With this in mind, the Court turns to apply the several factors.

        A.     *Convenience of the Witnesses*

Defendants submit that all of their witnesses, including their employees and non-party emergency medical personnel and medical staff–surgeons, nurses and emergency room personnel–from the Lenox Hill Hospital who attended to plaintiff after his injury, reside in the Southern District.  *See* Dkt. No. 5, Scher Aff. at ¶ 5; Dkt. No. 6, Mem. of Law at 4 and 7; Dkt. No. 10, Scher Reply Aff. at ¶ 3.  Plaintiff counters that the only eyewitnesses to his accident were his nephew, Kenneth Wagner, who resides in New York City, and Phillipe Walker, who resides in Banffshire, Scotland.  *See* Dkt. No. 7, Sassani Aff. at ¶ 6.  Plaintiff submits that his nephew is willing to travel to the Northern District to testify on his behalf, and that regardless of the outcome of this motion, Ms. Walker will need to travel a great distance if called upon to testify.  *See* Dkt. No. 7, Sassani Aff. at ¶ 11.  Plaintiff also notes that the physicians and other health care providers currently treating him are in the Northern District.

It appears that a greater number of witnesses reside in the Southern District, and thus a greater number of people would be inconvenienced if plaintiff's action were to remain in the Northern District.  Plaintiff's nephew lives in New York City, and if Ms. Walker is to testify at trial, she would most likely fly directly to New York City as opposed to Syracuse.  Moreover, on the record before it, the Court cannot conclude that plaintiff's physicians and other health care personnel would be any more inconvenienced by a transfer to the Southern District than the treating physicians and

emergency personnel, who responded to plaintiff's injury in New York City, would be if plaintiff's action were to remain in the Northern District. On balance, the convenience of the witnesses, accorded heavy weight, favors transferring the action to the Southern District.

> **B.**     *Location of Relevant Documents and the Relative Ease of Access to Sources of Proof*

Defendants submit that any non-party records concerning the operation and maintenance of the Marquis are located in the Southern District. Dkt. No. 6, Mem. of Law at 4. Plaintiff contests defendants' assertion by speculating that it is "unlikely that a large corporation . . . keeps its records in the hotel itself rather than in its home office" and "it is clear that these records can be pulled and mailed to the parties without any real inconvenience." Dkt. No. 7, Mem. of Law at 3. Without further evidence, the Court finds this factor to weigh evenly.

> **C.**     *Convenience of the Parties*

Defendants again point to the fact that the Marquis is in New York City and submit that their convenience is better served in the Southern District. Plaintiff prefers to proceed in the Northern District and offers that his age and the difficulty and expenses associated with travel to the Southern District would pose an inconvenience to him. Dkt. No. 7, Sassani Aff. at ¶ 10. Plaintiff also notes that despite his retirement, he performs numerous charitable functions for his church and community making it difficult for him to travel without advance planning. *See* Dkt. No. 7, Sassani Aff. at ¶ 4. The Court finds that both parties are equally inconvenienced regarding venue; however, "[w]here transfer would merely shift the inconvenience from one party to the other," the Court should leave plaintiff's choice of venue undisturbed. *Wilshire*, 976 F.Supp. at 182. This factor favors retaining the action in the Northern District.

> **D.**     *Locus of Operative Facts*

Defendants submit that plaintiff's injury occurred in the Southern District and that inspection

of the Marquis by the parties' attorneys, expert witnesses, and the jury during trial would necessarily occur in the Southern District. *See* Dkt. No. 6, Mem. of Law at 4. Plaintiff expresses doubt that any such inspection by the jury would occur, *see* Dkt. No. 7, Mem. of Law at 4, and responds that all of his injury-related medical treatment, with the exception of the initial surgery to his elbow, has been performed in the Central New York area, *see id.*, Sassani Aff. at ¶ 10. The gravamen of plaintiff's claim, however, is whether defendants were "negligent in failing to clean up a spill on the floor and in selecting and maintaining a smooth marble or marble type of floor in an eating area of the hotel." *Id.* at ¶ 14. The stronger connection between the operative facts and the Southern District cannot be denied, and the Court finds that this factor favors transferring the action to the Southern District.

E.    *Availability of Process to Compel the Attendance of Unwilling Witnesses*

Defendants assert that because their non-party witnesses reside in the Southern District, more than one hundred miles from the federal courthouse in Syracuse, they are not subject to the subpoena powers of the Court under Rule 45(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 5, Scher Aff. at ¶ 5; Dkt. No. 6, Mem. of Law at 5. "With respect to the ability to compel the attendance of non-party witnesses, Rules 45(b)(2) and 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure proscribe a subpoena from requiring a witness to travel more than 100 miles." *Computer Express Intern., Ltd. v. Micronpc, LLC*, 2001 WL 1776162, at *9 (E.D.N.Y. Dec. 21, 2001); *see* FED.R.CIV.P. 45(b)(2) and FED.R.CIV.P. 45(c)(3)(A)(ii). Thus, none of defendants' non-party witnesses could be compelled to appear in the Northern District for either a deposition or for trial in each matter because according to defendants, they all reside in the Southern District. As the Supreme Court stated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947), "[c]ertainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants."

This factor favors transferring the action to the Southern District.

     *F.    The Relative Means of the Parties*

     Plaintiff estimates that he would incur inordinate expenses if his medical care providers were to have to travel to the Southern District. Dkt. No. 7, Sassani Aff. at ¶ 15. When compared to his own ability to proceed in the Southern District, plaintiff suggests that defendants are far better equipped to bear the costs associated with proceeding in the Northern District. *See Id.*, Mem. of Law at 5. Although the record is bereft of any documentation to support plaintiff's assertions, in this instance the Court finds that plaintiff's estimation and commonsense comparison accurately portray the relative means of the parties. This factor favors retaining the action in the Northern District.

     *G.    The Forum's Familiarity with the Governing Law*

     The Court must assume that both the Northern District and Southern District are equally familiar with the legal principles necessary to adjudicate plaintiff's action. Accordingly, this factor is neutral with respect to change of venue.

     *H.    The Weight Accorded Plaintiff's Choice of Forum*

     Generally, plaintiff's choice of forum is entitled to considerable weight, and should not be disturbed unless the balance of the several factors is strongly in favor of the defendant. *See Kolko v. Holiday Inns, Inc.*, 672 F.Supp. 713, 715 (S.D.N.Y. 1987). Where the factors are equally balanced, the plaintiff is entitled to his choice of forum. *See Teachers Ins. and Annuity Ass'n of America v. Butler*, 592 F.Supp. 1097, 1106 (S.D.N.Y. 1984). The presumption favoring plaintiff's choice of forum, however, is not so rigidly applied where, as here, the cause of action arose outside of that forum: "where none of the operative facts of the action occur in the forum selected by the plaintiff, his choice of that forum certainly is entitled to less weight than is ordinarily the case." *Fitzgerald v. Central Gulf Steamship Corp.*, 292 F.Supp. 847, 849 (E.D.Pa. 1968).

I.      *Trial Efficiency and the Interest of Justice/Totality of the Circumstances*

Neither party contends that the case will proceed more expeditiously in the Southern District than in the Northern District or vice versa.  Defendants emphasize that the only nexus between plaintiff's accident and the present venue is plaintiff's residence in the Northern District, *see* Dkt. No. 5, Scher Aff. at ¶ 6, and conclude that the interest of justice demands that the Court transfer plaintiff's action to the Southern District, *see id.* at ¶ 8.  Plaintiff concludes that justice requires his action to remain in the Northern District.  Dkt. No. 7, Sassani Aff. at ¶ 10.  In light of the foregoing analysis and consideration of the totality of the circumstances, the Court concludes that the interest of justice requires defendants' motion for transfer to the Southern District pursuant to 28 U.S.C. § 1404(a) be granted.

**IV.     CONCLUSION**

WHEREFORE, after careful consideration of the parties' submissions and the applicable law, it is hereby

ORDERED, that defendants' motion (Dkt. No. 5) to transfer this action to the Southern District pursuant to 28 U.S.C. § 1404(a) is GRANTED and pursuant to L.R. 83.6, the Clerk of the Court shall, upon the expiration of ten days, mail to the Clerk of the Court for the Southern District: a certified copy of this Order and the originals of all papers on file in the case except for the instant Order.

IT IS SO ORDERED.

DATE: March 19, 2007
       Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

N

A

M